**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN MICHAEL SIMON,

   Plaintiff - Appellant,

 v.

CAROLYN W. COLVIN, Commissioner
of Social Security Administration,

   Defendant - Appellee.

No. 12-17568

D.C. No. 2:12-cv-00386-FJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Argued and Submitted April 11, 2014
San Francisco, California

Before: TALLMAN and CLIFTON, Circuit Judges, and DUFFY, District Judge.[**]

John Simon seeks judicial review of the denial of his claim for disability

benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

We review de novo the district court's order affirming the Administrative Law Judge's ("ALJ's") denial of Social Security benefits, and we must independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

First, Simon contends that the ALJ erred by giving little weight to the assessments of treating physicians Drs. Hanish, Malanga, and Grout and primarily relying on the opinion of examining physician Dr. Patel. "Because treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinions of other physicians." *Smolen*, 80 F.3d at 1285. But if a treating physician's opinion is controverted, an ALJ can reject it by providing specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Id.*

Here, the ALJ sufficiently detailed his reasons for rejecting the opinions of Drs. Hanish, Malanga, and Grout. As to Dr. Hanish, the ALJ correctly noted that "the claimant's performance on mental status exams was inconsistent with [Dr.

Hanish's] assessment of serious or greater limitations in mental functioning, and because her assessment is inconsistent with the greater objective record." The ALJ correctly stated that Dr. Malanga's opinion was "inconsisten[t] with the greater objective record, particularly regarding upper extremity functioning and the inability to perform at least light work activity." As to Dr. Grout, whose opinion was very cursory, the ALJ concluded that it was inconsistent with the greater objective record. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (rejecting a treating physician opinion that was "conclusory, brief, and unsupported by the record as a whole"). The ALJ properly relied on the opinion of examining psychiatrist Dr. Patel, whose opinion was consistent with medical notes from Simon's treating physicians at the Mayo Clinic. Furthermore, the ALJ did not commit reversible error by relying on the opinions from the state agency examiners. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless.").

Second, Simon contends that the ALJ improperly discredited his symptom testimony. When objective medical evidence establishes that the claimant suffers from an impairment that could reasonably produce the symptoms complained of, "an adverse credibility finding must be based on clear and convincing reasons" unless there is affirmative evidence of malingering. *Carmickle v. Comm'r, Soc.*

*Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008) (internal quotation marks and quoting source omitted). Here, the ALJ provided clear and convincing reasons to support his conclusion that the "intensity, persistence and limiting effects" of Simon's symptom testimony did not comport with the record. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (quoting the ALJ decision in *Stubbs-Danielson*). The ALJ noted that Simon's testimony was inconsistent with the medical evidence showing improvement and with Simon's daily activities that included regular golfing and socializing with friends. The ALJ also noted that Simon "had a disincentive to work" given that he was currently receiving long-term disability payments and risked losing them if he began working.

**AFFIRMED.**